(August 13, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS FITZGERALD, Appellant. [883 NYS2d 742]—

Kane, J. Appeal from a judgment of the County Court of

Franklin County (Main, Jr., J.), rendered September 18, 2006, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.

When this matter was previously before us, we rejected most of defendant's arguments and remitted the matter to County Court for a hearing to determine a narrow issue relating to the voluntariness of defendant's plea, namely, whether original defense counsel misinformed defendant of his maximum sentencing exposure and whether such misinformation, if any, led defendant to plead guilty when he otherwise would not have done so (56 AD3d 811 [2008]). Now that we have reviewed the transcript of that hearing, we affirm defendant's conviction.

The record does not support defendant's arguments that County Court unduly restricted the evidence and that defendant was denied the ability to call a witness at the hearing. While not permitting counsel to delve into every topic discussed between defendant and his original counsel, the court permitted counsel to ask questions within the narrow scope of the hearing as outlined in our previous decision, and granted some leeway to ask questions beyond that scope. The court did not prevent defendant from calling his purported witness; instead, counsel chose not to call that individual to testify. According deference to the hearing court's determination that original defense counsel's testimony was credible and that defendant's testimony was not (*see People v Button*, 56 AD3d 1043, 1044 [2008], *lv dismissed* 12 NY3d 781 [2009]), we find that defendant voluntarily, knowingly and intelligently entered his guilty plea.

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.